**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE:

CARLOS BRITO,

      Plaintiff,

v.

CENTENNIAL    WESTLAND    MALL
PARTNERS,        LLC;        PAN.COM
SANDWICHERIA,  INC;  U.S.  RETAIL
STORES   HIALEAH   LLC;   BRINKER
FLORIDA,  INC.;  LOS  RANCHOS  AT
WESTLAND   MALL,   LLC;   VITAFOODS
ENTERPRISES  III,  INC.;  and  SUNSHINE
RESTAURANT MERGER SUB, LLC,

      Defendants.

_____/

## COMPLAINT

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff" or "CARLOS BRITO"), sues CENTENNIAL WESTLAND MALL PARTNERS, LLC; PAN.COM SANDWICHERIA, INC; U.S. RETAIL STORES HIALEAH LLC; BRINKER FLORIDA, INC.; LOS RANCHOS AT WESTLAND MALL, LLC; VITAFOODS ENTERPRISES III, INC.; and SUNSHINE RESTAURANT MERGER SUB, LLC (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1.    This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C.

§ 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

4.      Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

5.      At all times material, Defendant, CENTENNIAL WESTLAND MALL PARTNERS, LLC, owned and operated a commercial shopping center located at 1675 W. 49th Street, Hialeah, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, CENTENNIAL WESTLAND MALL PARTNERS, LLC, holds itself out to the public as "Westland Mall."

6.      At all times material, Defendant, CENTENNIAL WESTLAND MALL PARTNERS, LLC, was and is a Florida Limited Liability Company, incorporated under the laws of the State of Florida, with its principal place of business in Aventura, Florida.

7.      At all times material, Defendant, PAN.COM SANDWICHERIA, INC, owned and operated a commercial restaurant located at 1675 W. 49th Street, Hialeah, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.  Defendant, PAN.COM SANDWICHERIA, INC, holds itself out to the public as "El Patio Live."

8.      At all times material, Defendant, PAN.COM SANDWICHERIA, INC, was and is a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its principal

place of business in Miramar, Florida.

9.      At all times material, Defendant, U.S. RETAIL STORES HIALEAH LLC, owned and operated a commercial retail store located at 1675 W. 49th Street, Hialeah, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.  Defendant, U.S. RETAIL STORES HIALEAH LLC, INC, holds itself out to the public as "U.S. Polo Assn."

10.      At all times material, Defendant, U.S. RETAIL STORES HIALEAH LLC, was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in New York, NY.

11.      At all times material, Defendant, BRINKER FLORIDA, INC., owned and operated a commercial retail restaurant located at 1675 W. 49th Street, Hialeah, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.  Defendant, BRINKER FLORIDA, INC.  LLC, INC, holds itself out to the public as "Chili's."

12.      At all times material, Defendant, BRINKER FLORIDA, INC., was and is a Foreign Profit Corporation, organized under the laws of the State of Virginia, with its principal place of business in Dallas, TX.

13.      At all times material, Defendant, LOS RANCHOS AT WESTLAND MALL, LLC, owned and operated a commercial retail restaurant located at 1675 W. 49th Street, Hialeah, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.  Defendant, LOS RANCHOS AT WESTLAND MALL, LLC, INC, holds itself out to the public as "Los Ranchos."

14.     At all times material, Defendant, LOS RANCHOS AT WESTLAND MALL, LLC, was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Miami, FL.

15.     At all times material, Defendant, VITAFOODS ENTERPRISES III, INC., owned and operated a commercial retail restaurant located at 1675 W. 49th Street, Hialeah, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.  Defendant, VITAFOODS ENTERPRISES III, INC., holds itself out to the public as "Fuddrucker's"

16.     At all times material, Defendant, VITAFOODS ENTERPRISES III, INC., was and is a Florida Profit Corporation, organized under the laws of the State of Florida, with its principal place of business in Hialeah, FL.

17.     At all times material, Defendant, SUNSHINE RESTAURANT MERGER SUB, LLC., owned and operated a commercial retail restaurant located at 1675 W. 49th Street, Hialeah, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.  Defendant, SUNSHINE RESTAURANT MERGER SUB, LLC., holds itself out to the public as "IHOP"

18.     At all times material, Defendant, SUNSHINE RESTAURANT MERGER SUB, LLC, was and is a Foreign Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Sunrise, FL.

19.     Venue is properly located in the Southern District of Florida because Defendants' Commercial Property and the businesses are located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s)

of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

<u>FACTUAL ALLEGATIONS</u>

20.     Although nearly thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

21.     Congress provided commercial business one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business and properties.

22.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

23.     Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

24.     Defendant, CENTENNIAL WESTLAND MALL PARTNERS, LLC, owns, operates and/or oversees the Commercial Property, its general parking lot/or and parking spots specific to the business therein, located in Miami, Florida, that is the subject of this Action.

25.     Defendants, PAN.COM SANDWICHERIA, INC; U.S. RETAIL STORES HIALEAH LLC; BRINKER FLORIDA, INC.; LOS RANCHOS AT WESTLAND MALL, LLC; VITAFOODS ENTERPRISES III, INC.; and SUNSHINE RESTAURANT MERGER SUB, LLC

own, operate and/or oversee their respective businesses within the Commercial Property, located in Hialeah, Florida, that is the subject of this Action.

26.     Mr. Brito is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated much of his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

27.     He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Mr. Brito is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

28.     The individual Plaintiff visits the Commercial Property and business located within the Commercial Property, to include visits to the Commercial Property and business located within the Commercial Property on or about March 16, 2023 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and business located therein.  He often visits the Commercial Property and business located within the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately eighteen (18) miles from his residence and is near other business and restaurants he frequents as a patron.  He plans to return to the Commercial Property and the business located within the Commercial Property within two (2) months of the filing of this Complaint, in order to avail himself of the goods and services offered at the place of public accommodation and check if it has been remediated of the ADA violations he encountered.

29.     The Plaintiff found the Commercial Property, and the business located within the

Commercial Property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the Commercial Property, and business located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

30.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and business located within the Commercial Property. The barriers to access at the Commercial Property, and the business located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and business located within the Commercial Property, and have endangered his safety in violation of the ADA.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly situated.

31.     Defendants, CENTENNIAL WESTLAND MALL PARTNERS, LLC; PAN.COM SANDWICHERIA, INC; U.S. RETAIL STORES HIALEAH LLC; BRINKER FLORIDA, INC.; LOS RANCHOS AT WESTLAND MALL, LLC; VITAFOODS ENTERPRISES III, INC.; and SUNSHINE RESTAURANT MERGER SUB, LLC, are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, CENTENNIAL WESTLAND MALL PARTNERS, LLC; PAN.COM SANDWICHERIA, INC; U.S. RETAIL STORES HIALEAH LLC; BRINKER FLORIDA, INC.; LOS RANCHOS AT WESTLAND MALL, LLC; VITAFOODS ENTERPRISES III, INC.; and SUNSHINE RESTAURANT MERGER SUB, LLC, own and operate the Commercial Property and business located within the Commercial Property, located at 1675 W. 49th Street, Hialeah, Florida.

32.     Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat

of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the business located within the Commercial Property, including but not necessarily limited to the allegations in Counts I through II of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located therein, not only to avail himself of the goods and services available at the Commercial Property, and business located within the Commercial Property, but to assure himself that the Commercial Property and business located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

33.     Defendant, CENTENNIAL WESTLAND MALL PARTNERS, LLC, as landlord and owner of the Commercial Property, is responsible for all ADA violations listed in Counts I through VII, along with the Defendant's tenants, listed on end counts.

34.     Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and business located within the Commercial Property, but not necessarily limited to the allegations in Counts I through VII of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and business within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business within the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property and

8

business located within the Commercial Property, but to assure himself that the Commercial Property, and business located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

35.     Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – ADA VIOLATIONS
## AS TO CENTENNIAL WESTLAND MALL PARTNERS, LLC

36.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 35 above as though fully set forth herein.

37.     Defendant, CENTENNIAL WESTLAND MALL PARTNERS, LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Parking

i.      The Plaintiff There are accessible parking spaces and access aisles with faded striping that makes it impossible to differentiate the boundaries. The facility fails to maintain the elements that are required to be readily accessible and usable by persons with disabilities, violating 28 CFR 36.211.

9

ii.     The Plaintiff had difficulty accessing the facility, as there are designated accessible parking spaces located too far from an accessible route to the facility. Violation: Some of the accessible parking spaces are not located on the shortest route to an accessible entrance, violating Section 4.6.2 of the ADAAG and Section 208.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

B.    Entrance Access and Path of Travel

i.      The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.    The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the

ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

v.      The Plaintiff had difficulty traversing the path of travel, as there are cross slopes more than 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

C.   Access to Goods and Services

i.      There is seating provided that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The Plaintiff could not use the sales counters without assistance, as they are mounted too high. Violation: There are sales counters at the facility in excess of 36" high, violating Section 7.2(1) of the ADAAG and Section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

D.   Public Restrooms

i.      There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and

604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The Plaintiff had difficulty using the locking mechanism on the accessible toilet compartment door without assistance, as it requires tight grasping. Violation: The accessible toilet compartment door has non-compliant hardware for disabled patrons, violating Sections 4.13.9, 4.17.5, & 4.27.4 of the ADAAG and Sections 309.4, & 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 and Figure 28 of the ADAAG, 28 CFR 36.211, and Section 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable

## COUNT II – ADA VIOLATIONS
## AS TO CENTENNIAL WESTLAND MALL PARTNERS, LLC and PAN.COM SANDWICHERIA, INC

38.   The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 35 above as though fully set forth herein.

39.   Defendants, CENTENNIAL WESTLAND MALL PARTNERS, LLC and PAN.COM SANDWICHERIA, INC, have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26,

1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Access to Goods and Services

i. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

B. Public Restrooms

i. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not use the paper towel dispenser without assistance, as it is mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs

the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 and Figure 28 of the ADAAG, 28 CFR 36.211, and Section 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The Plaintiff had difficulty using the toilet paper due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

v.     The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.     The Plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Section 4.17.6 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.     The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.     The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are

not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT III – ADA VIOLATIONS
## AS TO CENTENNIAL WESTLAND MALL PARTNERS, LLC and U.S. RETAIL STORES HIALEAH LLC

40.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 35 above as though fully set forth herein.

41.     Defendants, CENTENNIAL WESTLAND MALL PARTNERS, LLC and U.S. RETAIL STORES HIALEAH LLC, have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Entrance Access and Path of Travel

i.     The Plaintiff could not traverse through areas of the store, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the store is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  Access to Goods and Services

i.     The Plaintiff could not use the accessible fitting room. An employee stated that the accessible fitting room is being used for storage. There is a lack of maintenance

15

violating 28 CFR 36.211, whose resolution is readily achievable.

ii.     The accessible fitting room lacks proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff could not use the available fitting room, as the required maneuvering clearance is not provided due to the door swinging into the fitting room. Violation: The fitting rooms have doors swing into the required clear floor space violating Sections 4.2.3 & 4.35.2 of the ADAAG and Sections 803.2 & 803.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT IV – ADA VIOLATIONS**
**AS TO CENTENNIAL WESTLAND MALL PARTNERS, LLC and BRINKER FLORIDA, INC.**

42.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 35 above as though fully set forth herein.

43.     Defendants, CENTENNIAL WESTLAND MALL PARTNERS, LLC and BRINKER FLORIDA, INC., have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Entrance Access and Path of Travel

i.      There are objects on the path of travel that protrude more than the maximum allowable, violating Section 4.4.1 of ADAAG and Section 307.2 of the 2010 ADA Standards,

whose resolution is readily achievable.

B.  Access to Goods and Services

i.      The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

C.  Public Restrooms

ii.     The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing. Violation: The accessible toilet compartment door does not provide the features that comply with Sections 4.17.5 of the ADAAG and Section 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser in the accessible toilet compartment is not mounted in accordance with Section 4.17.6 and Figure 30(d) of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

v.      The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating

17

Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Section 4.17.6 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The Plaintiff could not use the lavatories outside the toilet compartment without assistance, as the required knee and toe clear floor space is not provided. Violation: There are lavatories in public restrooms without the required clearances provided outside the accessible toilet compartment, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 213.3.4, 306, and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The Plaintiff was exposed to a cutting/burning hazard because the lavatory outside the accessible toilet compartment has pipes that are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT V – ADA VIOLATIONS
## AS TO CENTENNIAL WESTLAND MALL PARTNERS, LLC and LOS RANCHOS AT WESTLAND MALL, LLC

44.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 35 above as though fully set forth herein.

18

45.     Defendants, CENTENNIAL WESTLAND MALL PARTNERS, LLC and LOS RANCHOS AT WESTLAND MALL, LLC, have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Entrance Access and Path of Travel

i.      The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  Public Restrooms

i.      The restroom signage is not mounted at the required location, violating Section 4.30.6 of the ADAAG and Section 703.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff was exposed to a cutting/burning hazard because the lavatories outside the accessible toilet compartment have pipes that are not properly insulated. Violation:

The lavatory pipes are not fully insulated outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT VI – ADA VIOLATIONS**
**AS TO CENTENNIAL WESTLAND MALL PARTNERS, LLC and VITAFOODS**
**ENTERPRISES III, INC.**

46.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 35 above as though fully set forth herein.

47.     Defendants, CENTENNIAL WESTLAND MALL PARTNERS, LLC and VITAFOODS ENTERPRISES III, INC., have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Public Restrooms

i.      The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing. Violation: The accessible toilet compartment door does not provide the features that comply with Sections 4.17.5 of the ADAAG and Section 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The Plaintiff could not enter the accessible toilet compartment without assistance, as the required maneuvering clearance is not provided. Violation: The accessible toilet compartment does not provide the required latch side clearance at the door violating Sections 4.13.6 and 4.17.5 of the ADAAG and Sections 404.2.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The Plaintiff had difficulty using the locking mechanism on the accessible toilet compartment door without assistance, as it requires tight grasping. Violation: The accessible toilet compartment door has non-compliant hardware for disabled patrons, violating Sections 4.13.9, 4.17.5, & 4.27.4 of the ADAAG and Sections 309.4, & 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT VII – ADA VIOLATIONS
## AS TO CENTENNIAL WESTLAND MALL PARTNERS, LLC and SUNSHINE RESTAURANT MERGER SUB, LLC

48.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 35 above as though fully set forth herein.

49.     Defendants, CENTENNIAL WESTLAND MALL PARTNERS, LLC and SUNSHINE RESTAURANT MERGER SUB, LLC, have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and

21

gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Public Restrooms

i.      The Plaintiff could not use the lavatories outside the accessible toilet compartment without assistance, as they are mounted too high. Violation: There are lavatories outside accessible toilet compartments in public restrooms with the counter surfaces mounted too high, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 213.3.4 & 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The Plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Section 4.17.6 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose

resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

50.     The discriminatory violations described in Counts I through II are not an exclusive list of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS BRITO, from further ingress, use, and equal enjoyment of the Commercial Business and business located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

51.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, business and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the

23

Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

52.     Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

53.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

54.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the

Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

55.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendants.

56.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their business, located at and/or within the commercial property located at  1675 W. 49th Street, Hialeah, Florida, the exterior areas, and the common exterior areas of the Commercial Property and business located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be

necessary to ensure that no individual with a disability is excluded, denied services, segregated or

otherwise treated differently than other individuals because of the absence of auxiliary aids and

services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. §

12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

Dated: May 12, 2023.

> **GARCIA-MENOCAL & PEREZ, P.L.**
> *Attorneys for Plaintiff*
> 350 Sevilla Avenue, Suite 200
> Coral Gables, Fl 33134
> Telephone: (305) 553-3464
> Facsimile: (855) 205-6904
> Primary E-Mail: ajperez@lawgmp.com
> Secondary E-Mails: bvirues@lawgmp.com
> dramos@lawgmp.com
>
> By: ___*/s/ Anthony J. Perez*_____
>     ANTHONY J. PEREZ
>     BEVERLY VIRUES